2016 You've got to go and see a man named Matt  Yeah We are before the court today on a matter of attorney fees based upon a favorable decision by the Merit System Protection Board which granted Mr. McClain disability retirement. We would start with several very quick points. The fee petition that Mr. McClain had to by necessity had to be based solely on the administrative judge's initial decision. That was the facts. That was the basis. Second, OPM did not object to attorney fees before the Merit System Board and that should be entitled to wait that they in fact supported it. Third, we would urge that OPM has demonstrated inflexibility in their initial and reconsideration decision by basically saying very clearly that the only evidence we're going to look at is medical evidence that occurred before Mr. McClain was removed. Basically they're saying we don't care why you die what the autopsy shows and if it wasn't in your medical records before your death we're not going to consider it. We have to find it what OPM did was clearly without merit or they knew they wouldn't prevail and yet the board considered an awful lot of evidence that wasn't before OPM, the agency. We have Dr. Barber, we have the EAP documents, we have extensive testimony cited for five pages or more on the testimony of Mrs. McClain and during the board proceeding why isn't that additional evidence what swayed the outcome showing that the earlier decision was not necessarily without merit? Your honor again I would respectfully ask the court when you make your decision to focus on the initial decision itself what it said. The judge went on and we certainly will but it seems to me like you need to respond to my concern here that the board had an awful lot more before and therefore it reached a different decision. How do we know that that additional information all of it very probative wasn't the key to the perhaps at least not clearly without merit? Respectfully your honor I would urge that the underlying evidence that allowed Judge Love to grant disability retirement was clearer before OPM. The lay testimony of Mr. McClain and Mrs. McClain standing alone could not have supported that decision. What about Dr. Barber? That wasn't before OPM too? Well your honor I think we have some confusion there because those matters were I believe before OPM. The critical thing that judge based their decision on was Dr. Brooks. Additional medical evidence from Dr. Barber that comes before the board. There may have been some Dr. Barber evidence before but there's additional Dr. Barber evidence. The medical reports where he says he recommends early medical requirement. He diagnoses a clear medical condition here depression contributing to all the violent decisions. I think with Dr. Brooks testimony Dr. Hernandez the social security evaluation certainly swayed her and then there was some afterthoughts but again OPM very clearly would not get off the issue that Mr. McClain was a conduct problem and misconduct against. They would not back off from that even after the agency went back and resubmitted a revised supervisory statement. That had a lot to do with this reconsideration of why the judge granted the agency changed their position. You're asking us to speculate on why it was granted and all we have is what's in the record in front of us about why they made a decision and one thing I wanted to ask you about is the testimony of Mrs. McClain obviously was very compelling to the board and it changed in part based on that evidence. My understanding is that Mrs. McClain is the only person who testified and established that her husband's disabling condition was expected to last for a year or more and that is one of the requirements of the OPM regulations. Well if there wasn't proof in the record before hand that his disabling condition would last that long and the first evidence came at the hearing by his wife why wasn't that something that really made a difference? Well again judge you know I'm very frustrated in this case because we feel the judge made the right decision granting disability retirement. Then her second chance to write her opinion was the attorney. I think you have to look at her initial decision and she could not have based that on the lay testimony of Mrs. McClain. She could not. That could not have supported her disability decision. It had to be the objective medical evidence and we submit that that was clearly before the OPM. Well there's also the Army Employee Assistance Program counsels Abrams and Albornoz, psychiatrists, psychologists their testimony is also only before the board not before the agency. Why isn't that further evidence upon which the board could have differed from the agency? Judge again I would submit that the basis that the judge made her decision was Dr. Brooks and Dr. Hernandez. That's what she stated. This other medical evidence was this cumulative of what was before OPM. If one doctor says it, if three doctors says it I don't know that it makes it any different. OPM just was not going to get off of the misconduct view that they had taken earlier. The judge points out that OPM went back to Mr. McClain in their initial decision and they said send us additional evidence. Well Mr. McClain sent 43 pages of additional evidence. They sent a new supervisory statement. That would not cause OPM to back off. They would not change their position in this case. The court's precedent in Yorkshire versus the Merit System Board is an older case 746 federal section 1454 puts before the court the concept of substantially innocent in an attorney fee decision. And while this should not be necessarily a misconduct case where substantially innocent that is appropriate, that's clearly I think an issue here. Mr. McClain was sick. He was not a misconduct employee. It was his medical conditions that were causing his adverent behavior at work. And even the agency when they decided in settlement to reverse and or revoke set aside his removal action and then eventually support his disability retirement application when they reviewed the medical evidence and submitted the new supervisory statement even there OPM just held to their guns and would not back off. They would not change their position. The social security decision again the judge below gave great weight to that. OPM just ignored their attitude and very clearly stated in their reconsideration decision if it did not occur before Mr. McClain's removal from misconduct we're not going to look at it. And they actually did. They would not look at it. For example they would not let the Dr. Brooks statement. It came in after the fact. It was based on medical evidence that occurred before Mr. McClain's removal but they would not consider it. They just ignored it. I've saved my time. Thank you. Good morning Mr. Court. I'd like to address a couple of the points that counsel has made during this argument. First as the court has correctly observed there were two major categories of OPM at the time it was making its decisions and that was the EAP documents and the hearing testimony. I think it's very clear that the administrative judge in her fees decision as she noted in her fees decision relied in significant part that's a quote she relied significant part upon that evidence in arriving at her conclusion. So there is in no way any Brooks diagnosis. It is unclear I think from the record whether or not OPM specifically considered it. I don't think they specifically addressed it. However I think the administrative judge herself found that that was not that diagnosis was not specific enough. It did not address the way that his medical conditions have affected his performance so that she had to look at other evidence in order to corroborate it. And the evidence that she cited specifically was the EAP documentation as well as the hearing testimony. It was only in the context of that additional evidence that she was able to make a finding that the Brooks diagnosis would support a finding in favor of Mr. McClain. Clearly that evidence was not in front of the OPM so they can't really be held accountable for it. As far as OPM not backing off on this misconduct claim I think it's pretty clear from their decisions that OPM was in fact considering the claim before it. Mr. McClain made the claim that he was going that he was disabled prior to his removal and submitted various documents and and through the lens of Mr. McClain's claims. So it was not a question of them insisting on characterizing the claim in any way. It was simply looking at it the way Mr. McClain had presented it. Those are really the two main points that I wanted to address. I think our brief addresses everything else that's important or if there's any questions I'm happy to answer. Thank you Mr. Yeager. Mr. Weisman we have still a little more than five minutes remaining. I'm sure I won't use that your honor. In rebuttal and response first OPM has brought us here today first because they did not respond to the fee petition. They just chose to ignore it. That put Mr. McClain in a very awkward position. Second we would urge that had the court's mediation process been in place prior to this particular case there's a very strong likelihood that we would not be here today. This type of case does not need to come before this court. Our last point would be simply that to support the decision of OPM or the board in this case would be to state that lay testimony is going to be more important than objective medical evidence. I would urge that when you look at all of the judge loved the authority to grant the disability retirement was the same medical evidence that was before OPM. The lay testimony was compelling but it could not support this disability decision absent objective medical evidence. Thank you. Mr. McDonnell next case is Processors Alliance versus the United States.